### BERLIN v. PHŒNIX MUT. LIFE INS. CO. OF HARTFORD, CONN.

#### No. 3541.

Circuit Court of Appeals, First Circuit.

June 24, 1940.

Brenton K. Fisk, of Boston, Mass. (Andrew J. Aldridge, of Boston, Mass., on the brief), for appellant.

Walter I. Badger, Jr., of Boston, Mass. (Badger, Pratt, Doyle & Badger, of Boston, Mass., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and McLELLAN, District Judge.

### PER CURIAM.

This is an appeal by the plaintiff from a final decree dismissing the bill of complaint. The suit is for a declaratory judgment for the determination of the plaintiff's right to double indemnity benefits for accidental death under four life policies. The conditions appearing in the policies upon which double indemnity was payable include the following:

"20. Provision for Accidental Death Benefit.

"(a) The additional sum payable in the event of accidental death of the insured shall be due only if, with the proofs of death of the insured required hereunder, the Company shall receive due proofs, (1) * * * (2) that the death of the insured resulted, directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental causes; (3) that there was evidence of such accidental death by a visible contusion or wound on the exterior of the body except in case of drowning or of internal injuries revealed by an autopsy; (4) * *

"(b) This accidental death benefit shall not be payable if the death of the insured resulted directly or indirectly, wholly or partly from physical or mental infirmity, ptomaines, bacterial infections (except pyogenic infections which shall occur simultaneously with and through accidental cut or wound), or from any other kind of disease; * * *

"(c) If claim is made under this provision for additional indemnity the Company shall have the right and opportunity to

make an autopsy where it is not forbidden by law."

The insured died after an appendectomy and the plaintiff's contention is that death was caused by accidentally catching and strangulating a loop of the intestine at the time of this surgical operation. There was some evidence that the insured's death was thus caused and substantial evidence to the contrary. The district judge who had the opportunity to hear the oral evidence and measure the credibility of the witnesses found against the plaintiff upon this issue as disclosed in his memorandum of decision.

The plaintiff's brief specifies five alleged errors, numbered respectively 1, 2, 3, 4 and 6. The first is that the "Court erred in finding that the plaintiff has failed to produce evidence to warrant a finding that the insured came to his death by accidental means within the terms of the various policies."

The language purporting to be quoted in this specification cannot be found in the findings of fact of the District Court. Merrill v. Phoenix Mut. Life Ins. Co., D.C., 26 F.Supp. 756, 758. What the district judge found was that "the plaintiff has failed to *show* that the cause of death disclosed in the hospital report or in the autopsy report was the result of an accident". This we regard as a finding of fact well warranted by the evidence. Nor should it be deemed reversible error that having found the facts against the plaintiff upon the issue whether a loop of the intestine was accidentally caught at the time of the operation, the judge went on to say, "I therefore rule that the plaintiff has failed to produce evidence to warrant a finding that the insured came to his death by accidental means within the terms of the various policies, and is therefore not entitled to the relief sought".

The plaintiff urges in connection with the second specification of errors that the trial court imposed upon itself a heavier burden of proof than the law requires, but the memorandum of decision indicates clearly enough that the plaintiff had not sustained the burden of proof upon this issue by the requisite preponderance of the evidence. This specification of error is without merit.

Nor do we find any error in the district judge's finding that "the plaintiff has failed to show that the peritonitis or the post operative ileus was caused by an accident", or in his finding that "the plaintiff has failed to show that the cause of death disclosed in the hospital report or the autopsy report was the result of an accident", of which findings the plaintiff complains in the specifications of error numbered 3 and 4. The evidence clearly warranted a finding that the plaintiff had not sustained the burden of showing that at the time of the appendectomy, a piece of the intestine was caught and there was nothing else about the operation which was suggested as constituting an accident.

Obviously, the facts found by the district judge did not require a decree for the plaintiff as urged in connection with her specification of errors numbered 6.

We find it unnecessary to consider other matters argued in the defendant's brief, such as the plaintiff's laches and the alleged failure to furnish proper proof of loss to the defendant. The district judge's finding that the plaintiff had failed to show that the death of the insured was accidental within the meaning of the policies justified as it was by his subsidiary findings and the evidence, warranted the decree dismissing the bill of complaint.

The decree of the District Court is affirmed with costs to the appellee.